UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY VINCE,** | * | **CIVIL ACTION** |
| **PETITIONER** | * | |
| | * | **CASE NO.   24-cv-1398** |
| **VERSUS** | * | |
| | * | |
| **TIM HOOPER, WARDEN** | * | **SECTION "O" (4)** |
| **RESPONDENT** | * | |
| | * | |
| | * | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

Jerry Vince is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He is serving two concurrent ninety-nine year sentences following his convictions for molestation of a juvenile, victim under thirteen (La. R.S. 14:81.2) and sexual battery, victim under thirteen (La. R.S. 14:43.1). Vince has petitioned this Court for a writ of habeas corpus.

Vince's petition is timely and his claims are not in procedural default. But some of his claims are unexhausted, and all of his claims lack merit. Accordingly, the Court should dismiss the petition with prejudice and otherwise deny relief.

**TABLE OF CONTENTS**

PRELIMINARY MATTERS..................................................................................................3

PROCEDURAL HISTORY..................................................................................................4

TIMELINESS.........................................................................................................................6

EXHAUSTION AND PROCEDURAL DEFAULT..........................................................6

MERITS REVIEW..................................................................................................................9

      1.      Claim 1, admission of other crimes evidence............................................9

      2.      Claim 2, excessive sentence............................................................................11

      3.      Claim 3, constitutionality of La. C.E. art. 412.2. ..................................14

      4.      Claim 4, ineffective assistance of counsel. .............................................14

CONCLUSION AND PRAYER........................................................................................15

CERTIFICATE OF SERVICE..........................................................................................15

## PRELIMINARY MATTERS

**1.   Custody.**

The respondent does not dispute that the petitioner is in custody.

**2.   The state court record.**

The respondent has filed, along with this *Response*, the complete state court record (nine volumes) which is described in the separately filed *Notice of Lodging of State Court Record Materials*.

**3.   The facts of the case.**

The testimony at trial reflects that "on multiple occasions, the defendant used his private part to touch and rub [the victim's] private part, used his hand to touch and rub her private area, and made her touch and rub his private area with her hand." *State v. Vince*, 20-1054 (La. App. 1 Cir. 10/08/21), 2021 WL 4704993, at *1.

**4.   Overview of the petitioner's claims.**

Vince raises four claims, as follows:

(1)   "other crimes evidence;"

(2)   "excessive sentences;"

(3)   "LSA-C.E. Art. 412.2 is unconstitutional as applied;" and

(4)   "ineffective assistance of counsel."

Rec. Doc. 4, pp. 3-6.

## PROCEDURAL HISTORY

1.   **Proceedings in the state courts.**

    A.   **Proceedings leading to conviction and sentence.**

The district attorney, on June 8, 2018, charged petitioner Jerry Vince with one count molestation of a juvenile under the age of thirteen and one count sexual battery of a juvenile under the age of thirteen.[1]

The trial was held from February 10-13, 2020, and resulted in verdicts of guilty as charged.[2] The trial court subsequently imposed two concurrent ninety-nine year sentences, with the first twenty-five years to be served without benefit of parole.[3]

    B.   **Direct review proceedings.**

The First Circuit Court of Appeal affirmed the petitioner's convictions and sentences on October 8, 2021. *State v. Vince*, 20-1054 (La. App. 1 Cir. 10/08/21), 2021 WL 4704993.[4] Vince timely applied for supervisory review with the Louisiana Supreme Court.[5] The Louisiana Supreme Court denied writs on March 2, 2022. *State v. Vince*, 21-01922 (La. 3/02/22), 333 So.3d 836.[6]

Vince did not seek certiorari review from the United States Supreme Court.[7]

---

[1] State Court Record, Volume 1, pg. 62 (bill of information).

[2] See SCR, Vol. 1, pp. 35-47 (minute entries); *id*. at 116-118, 132-133 (evidence receipts, verdicts); SCR, Vol. 1, pg. 137 – SCR, Vol. 4, pg. 209 (trial transcripts).

[3] SCR, Vol. 1, pp. 48-49 (minute entry); SCR, Vol. 4, pp. 211-227 (transcript).

[4] SCR, Vol. 7, pp. 65-81 (opinion affirming convictions and sentences).

[5] SCR, Vol. 6, pp. 2-25 (writ application).

[6] SCR, Vol. 6, pg. 1 (writ action sheet).

[7] Rec. Doc. 4, pg. 3 (Answer to Question 9h).

### C. Collateral review proceedings.

Vince applied for post-conviction relief on April 5, 2023.[8] The district court directed the petitioner to serve a copy of his application for post-conviction relief to the Louisiana Attorney General because he challenged the constitutionality of a statute.[9] After the petitioner did this, the district court ordered a response from the district attorney.[10] The district attorney filed an answer.[11] The district court ultimately denied relief on the merits in a written order dated August 29, 2023.[12]

Vince timely applied for supervisory review from the First Circuit Court of Appeal. That court ruled:

> WRIT DENIED ON THE SHOWING MADE. Relator failed to include a copy of the bill of information, the uniform commitment order, any minute entries and/or transcripts, the state's response to the application for postconviction relief, and any other documentation or evidence that might support the claims raised in the writ application. Supplementation of this writ application and/or an application for rehearing will not be considered. See Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9. Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling.

*State v. Vince*, 23-1008 (La. App. 1 Cir. 12/04/23), 2023 WL 8373018.[13]

The petitioner subsequently applied for writs with the Louisiana Supreme Court. The Louisiana Supreme Court's ruling reads: "Writ application denied." *State*

---

8   SCR, Vol. 7, pp. 23-57 (application for post-conviction relief).

9   SCR, Vol. 7, pp. 21-22 (order).

10  SCR, Vol. 7, pp. 19-20 (order).

11  SCR, Vol. 7, pp. 10-16 (district attorney's answer).

12  SCR, Vol. 7, pp. 7-9 (reasons for judgment)

13  SCR, Vol. 8, pg. 2 (writ action sheet)

*v. Vince*, 23-01714 (La. 5/07/24), 384 So.3d 347.[14]

### 2. Proceedings in this Court.

The instant habeas corpus petition is dated May 12, 2024.[15]

### TIMELINESS

The habeas corpus petition is timely.

### EXHAUSTION AND PROCEDURAL DEFAULT

The respondent does not allege that any of the petitioner's claims are procedurally defaulted. The respondent does submit that the petitioner's Claim 3 and Claim 4 are unexhausted.

### I.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court unless he "exhausted the remedies available in the courts of the State." This requirement serves the function of giving "the State[s] the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citations, internal punctuation omitted).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis supplied). In order to meet the fair presentation requirement, a claim must be presented to the state courts "in a procedurally proper manner

---

14 SCR, Vol. 9, pg. 1 (writ action sheet).

15 Rec. Doc. 4, pg. 8.

according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

## II.

The petitioner's Claim 1 and Claim 2 were urged on direct appeal, and were re-urged in a writ application to the Louisiana Supreme Court. *See* SCR, Vol. 5, pp. 11-20 (habeas Claim 2 raised as the sole assignment of error in counseled appellant brief); *id.* at 60-67 (habeas Claim 1 raised as assignment of error number 2 in *pro se* supplemental brief); *then see* SCR, Vol. 6, pp. 17-23 (both assignments of error re-raised in writ application to the Louisiana Supreme Court).

The claims identified as Claim 1 and Claim 2 in the habeas petition are therefore exhausted.

## III.

The petitioner's Claim 3 and Claim 4 were urged by application for post-conviction relief. *See* SCR, Vol. 7, pp. 34-39 (habeas Claim 3 urged as PCR Claim 1); *id.*, pp. 39-56 (habeas Claim 4 urged as PCR Claim 2).

These claims were then raised in an application for supervisory review to the First Circuit Court of Appeal, but they were not *fairly presented* to that Court: the First Circuit Court of Appeal denied the application "on the showing made" because the petitioner "failed to include a copy of the bill of information, the uniform commitment order, any minute entries and/or transcripts, the state's response to the application for postconviction relief, and any other documentation or evidence that might support the claims raised in the writ application." See UNIFORM RULES OF THE

COURTS OF APPEAL, Rule 4-5; *Dupuy v. Butler, supra*, 837 F.2d at 702 (to be fairly presented, a claim must be submitted "in a procedurally proper manner according to the rules of the state courts").

The petitioner sought further review from the Louisiana Supreme Court. That Court denied writs without explanation.[16] Because the Louisiana Supreme Court denied writs without explanation, this Court is to "look through" to "the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). The Court must therefore presume that the Louisiana Supreme Court rejected the defendant's writ application because he failed to provide the Court with the information needed to evaluate the petitioner's claims.

It should be noted that the petitioner was given the opportunity to to remedy the defect in his writ application by submitting a new application conforming to state court rules. *See* SCR, Vol. 8, pg. 2 ("Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling."). However, the petitioner did not submit a new application that conformed to state court rules. Under these circumstances, the claims raised in the application for post-conviction relief—specifically the petitioner's Claim 3 and Claim 4—are not exhausted because they were not fairly presented to Louisiana's

---

16 Justice Hughes voted to "remand to the trial court for consideration of the claim on the merits." SCR, Vol. 9, pg. 1. This highlights the deficiency of the petitioner's writ application. The trial court had already ruled on the merits of the petitioner's claims; the petitioner failed to include a copy of the trial court's ruling denying his claims on the merits in his writ application to the Louisiana Supreme Court. The only order the petitioner included was the order requiring the petitioner to serve the attorney general. See SCR, Vol. 9, pp. 71-73; *cf.* page 5 above, footnote 9.

appellate courts. *See, e.g., Donaldson v. Cain*, Civ. A. No. 14-1896, 2016 WL 8309673, at *4-5 (E.D.La. 6/24/16), *adopted*, 2017 WL 699755 (E.D.La. 2/22/17).

## MERITS REVIEW

The petitioner's Claim 1 and Claim 2 were claims were adjudicated on the merits. They are for that reason subject to AEDPA deference. 28 U.S.C. § 2254(d); *see also, e.g., Langley v. Prince*, 926 F.3d 145, 155-156 (5th Cir. 2019) (en banc).

The petitioner's Claim 3 and Claim 4 were adjudicated on the merits by the district court. The fact that they were not properly raised to Louisiana's appellate courts does not change the fact that they were adjudicated on the merits. Bryan R. Means, FEDERAL HABEAS MANUAL § 3:17 (2024). Accordingly, AEDPA deference applies to the adjudication of these claims as well.

1. **Claim 1, concerning the admission of other crimes evidence.**

In the petitioner's first claim he argues that "the trial court committed an abuse of discretion when it permitted the State to adduce testimony from three (3) additional witnesses regarding acts of sexual abuse by Mr. Vince when they were minors pursuant to LSA-C.E. Art. 412.2." Rec. Doc. 4-1, pg. 11. He argues that "the prejudicial effect of these 'other crimes' allegations *greatly outweighed* the probative value." *Id.*, pg. 18 (emphasis in original).

The last reasoned state court decision discussing this claim reflects a ruling that the evidence "was admissible under Article 412.2 to show the defendant's lustful disposition toward young children" and "the probative value of the evidence was not outweighed by the danger of unfair prejudice under La. C.E. art. 403."

*State v. Vince*, 20-1054 (La. App. 1 Cir. 10/08/21), 2021 WL 4704993, at *3-6.

Habeas corpus relief may only be granted if the judgment of the state court is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). This means that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, "where Supreme Court jurisprudence 'gives no clear answer to the question presented, let alone one in petitioner's favor, it cannot be said that the state court unreasonably applied clearly established federal law.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011).

Here, the petitioner's claim relates solely to state law, namely, Article 412.2 of the Louisiana Code of Evidence. He is arguing that the state courts misapplied state evidence law. This claim is not reviewable in this federal proceeding.

In addition, there is no "clearly established Federal law, as determined by the Supreme Court" governing the admission of other-crimes evidence. *See Welch v. Sirmons*, 451 F.3d 675, 687 (10th Cir. 2006) ("[The petitioner] does not cite to, *nor does research reveal*, any Supreme Court cases directly addressing the constitutionality of a trial court admitting evidence of a defendant's other crimes.") (emphasis supplied). The petitioner's claim fails for this reason as well.

**2.    Claim 2, excessive sentence.**

The petitioner argues that his sentence is excessive. Rec. Doc. 4-1, pp. 12-14.

The last reasoned state court decision reflects the following discussion of this claim:

> At the sentencing hearing, an impact statement prepared by the victim was read to the trial court. The victim noted that the defendant changed her view of men, "mentally destroyed" her, and made her feel terrible in a way that she would never forget. Consistent with testimony presented at the trial, she noted that she engaged in self harm, such as cutting herself, after the defendant's actions. L.P.'s mother also provided a written statement detailing L.P.'s emotional suffering. In asking the court to impose the maximum penalty without parole, she stated that L.P. "has to live with the scars of the past for the rest of her life." She further stated that she prays the defendant "never gets to see another child for the rest of his [life]." In addition to other victim impact statements that were read to the trial court, the defendant also made a statement, denying the allegations, as he did at trial.
>
> Prior to imposing the sentences, the trial court noted that it heard all of the compelling testimony presented at trial. The trial court further noted that the damage caused by the defendant's offenses was likely to impact the victims for the remainder of their lives. In terms of aggravating factors, the trial court noted the factors listed in the State's brief: (1) that the offender knew or should have known that the victims were particularly vulnerable due to extreme youth; (2) that the defendant used his position or status to facilitate the commission of the offenses; (3) that the offense(s) resulted in significant, permanent injury to the victim and their families; and (4) that the offense(s) involved multiple victims or incidents for which separate sentences have not been imposed.
>
> Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:81.2(E)(1) (prior to renumbering by 2011 La. **16 Acts, No. 67, § 1). Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be

punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:43.1(C)(2). Herein, the trial court imposed the maximum term of imprisonment allowed by statute on each count of ninety-nine years imprisonment at hard labor, with twenty-five years to be served without benefits, to run concurrently. The trial court then stated, "I find that this offender truly is, as the legislature has set out for maximum sentences, the worst of the worst."

Initially, we note that while the trial court imposed the maximum term of imprisonment, it could have also imposed the entire sentence on each count without benefits, but instead limited the restriction on benefits to the statutory minimum. We find that the trial court gave well-thought-out reasons and justifications for its sentencing. We further note that a thorough review of the record reveals that the trial court adequately considered the criteria of Article 894.1 in imposing the sentences herein. Testimony presented at trial and at the sentencing hearing showed that the victim was suicidal and emotionally damaged by the offenses committed in this case. The defendant continued to exploit his position of trust and engaged in repeated sexual abuse of the victim. As noted by the trial court, there is a potential for long-term mental and psychological effects on the victim. We further note that the defendant was accused of inappropriate acts involving more than one minor victim, causing each victim to endure emotional suffering. We note that the defendant's statement at sentencing showed no remorse or sympathy for the victim in this case or the other minor victims.

The record before us clearly establishes an adequate factual basis for the sentences imposed. Therefore, we find no error in the trial court's denial of the motion to reconsider sentence or abuse of discretion in imposing maximum sentences in this case.

*State v. Vince*, 20-1054 (La. App. 1 Cir. 10/08/21), 2021 WL 4704993, at *7-8.

To the extent that the petitioner's argument rests upon state law, it is not cognizable in this habeas proceeding.

To the extent that the petitioner's claim may be construed as arising under the

Eighth Amendment, it lacks merit.

The clearly established law governing review of allegedly excessive sentences was recently summarized in *Malbrough v. Vannoy*, Civ. A. No. 18-8391, 2024 WL 4143358, at *8-9 (E.D. La. 8/20/24). The question is whether the sentence is "grossly disproportionate" to the crime, with "the life sentence approved in *Rummel* [*v. Estelle*, 445 U.S. 263 (1980)] … providing a litmus test." *Id.*

In *Rummel*, the petitioner was convicted of obtaining $120.75 under false pretenses, and he had prior convictions for fraudulent use of a credit card and passing a forged check. He was then sentenced under a Texas recidivist statute to a term of life imprisonment, a sentence which the Supreme Court held was constitutional.

Here, the petitioner committed a sex offense against a juvenile. That offense is unquestionably graver than the offense in *Rummel*, for which Mr. Rummel received life imprisonment. The ninety-nine year sentence does not offend the Eighth Amendment. For that reason, the adjudication of this claim is not contrary to, or an unreasonable application of, clearly established federal law.

*Cf. Robinson v. Vannoy*, Civ. A. No. 17-0247, 2017 WL 3304086, at *15 (W.D. La. July 6, 2017) (combined sentences of one hundred ten years for second-degree kidnapping and aggravated second-degree battery not excessive); *Simms v. Cain*, Civ. A. No. 07-966, 2008 WL 624073, at *18 (E.D. La. Mar. 4, 2008) (ninety-nine year sentence for armed robbery not excessive).

### 3. Claim 3, concerning the constitutionality of La. C.E. art. 412.2.

The petitioner's third claim is that Article 412.2 of the Louisiana Code of Evidence is unconstitutional. A similar claim has recently been rejected by a division of this Court. *See Mischler v. Hooper,* Civ. A. No. 23-990, 2024 WL 1226153, at *15 (E.D. La. 2/26/24) ("Mischler cites no state or federal law, much less controlling federal precedent from the United States Supreme Court, supporting his contention that these statutory provisions violate federal due process.") (collecting cases).

This claim should be rejected here as well: the petitioner fails to demonstrate that the adjudication of this claim is contrary to, or an unreasonable application of, clearly established federal law.

### 4. Claim 4, ineffective assistance of counsel.

The petitioner's final claim is one of ineffective assistance of counsel based upon counsel's "failure to consult with or hire an expert in the field of child sexual abuse." Rec. Doc. 4-1, pg. 28.

The state court found this claim to lack merit due to the petitioner's "failure to identify an expert that would testify on his behalf and to provide a report from that expert." The court reasoned, "[w]ithout such a witness, Defendant cannot establish either the deficiency or prejudice aspects of his *Strickland* claim." SCR, Vol. 7, pg. 9.

This is a correct application of the standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g., Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002), citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

The petitioner fails to demonstrate that the adjudication of this claim is contrary to, or an unreasonable application of, clearly established federal law.

CONCLUSION AND PRAYER

The petitioner fails to demonstrate that he is entitled to habeas corpus relief. The respondent respectfully prays that the Court dismiss the instant petition with prejudice and otherwise deny relief.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney,
22nd Judicial District
701 Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

Jerry Vince, # 326419
Louisiana State Penitentiary
15744 Tunica Trace
Angola, LA 70748

This the 24th day of October, 2024, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney