UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY VINCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1398** |
| **TIM HOOPER, WARDEN** | **SECTION "O"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

### I.   Factual and Procedural Background

Petitioner Jerry Vince ("Vince") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On June 18, 2018, Vince was charged by Bill of Information in St. Tammany Parish with molestation of a juvenile under age 13 and sexual battery a juvenile under the age of 13 under Vince's control or supervision.[3] The victim was his step-daughter, L.P.[4]

The record reflects that, in 2007 or 2008, Vince married L.B. and became the stepfather of L.P., who was L.B.'s daughter from a previous relationship.[5] In 2011 or 2012, the family moved

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] ECF No. 4, at 1.

[3] ECF No. 15-1, at 62. The State filed a copy of Vince's state court records at ECF No. 15, 15-1 - 15-9.

[4] Pursuant to LA. STAT. ANN. § 46:1844(W)(1)(a), the state court records refer to the minor victim of this sex crime and some family members by their initials. This Court will do the same.

[5] The facts are taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Vince*, No. 2020-1054, 2021 WL 4704993, at *1 n.2 (La. App. 1st Cir. 2021); ECF No. 15-6, at 27-28, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.

to a home on Magnolia Drive in Covington, Louisiana, where they lived for about two years when L.B. and the defendant separated. While they were living on Magnolia Drive, Vince on multiple occasions used his penis to touch and rub L.P.'s private part, used his hand to touch and rub her vagina, and made her touch and rub his penis with her hand. This touching occurred underneath their clothing or Vince would pull down her clothing and underwear. These acts began when L.P. was about six or seven years old, and the last incident occurred when she was about eight or nine years old. Vince would tell L.P. not to tell her mother about the incidents. When she was 14 years old, L.P. told a school counselor about the incidents. It later was discovered that Vince committed inappropriate acts involving three other children when they were under the age of seventeen.

Vince was tried before a jury on February 10 through 13, 2020, and found guilty as charged on both counts.[6] At a hearing on March 10, 2020, the state trial court denied Vince's motion for new trial and for judgment of acquittal.[7] At the hearing, Vince waived legal delays, and the state trial court sentenced him to serve concurrent 99 year sentences at hard labor on each count without benefit of parole, probation, or suspension of sentence.[8] The court also denied Vince's motion to reconsider the sentences.[9]

On direct appeal to the Louisiana First Circuit Court of Appeal, Vince's appointed counsel asserted that the trial court erred by denying the motion to reconsider the sentence and by imposing

---

[6] ECF No. 15-1 at 35, Trial Mins., 2/10/20; *id.* at 39, Trial Mins., 2/11/20; *id.* at 42, Trial Mins., 2/12/20; *id.* at 45, Trial Mins., 2/13/20; *id.* at 132, Jury Verdict Form, 2/13/20; *id.* at 154-227, Trial Tr., 2/10/20; ECF No. 15-2 at 2-195, Trial Tr., 2/10/20; ECF No. 15-3 at 2-139, Trial Tr., 2/11/20; *id.* at 140-209, Trial Tr., 2/12/20; ECF No. 15-4 at 2-103, Trial Tr., 2/12/20; *id.* at 104-209, Trial Tr., 2/13/20.

[7] ECF No. 15-1, at 48, Sentencing Mins., 3/10/20; *id.* at 136, Motion for New Trial and for Judgment of Acquittal, 3/10/20; ECF No. 15-4, at 212, Sentencing Tr., 3/10/20.

[8] *Id.* at 213; *id.* at 223-24.

[9] *Id.* at 224; ECF No. 15-1, at 139, Motion to Reconsider Sentence, 3/10/20; *id.* at 140, Trial Court Order, 3/10/20.

a maximum sentence that was excessive as applied to Vince.[10]  Vince filed a *pro se* supplemental brief in which he asserted the following grounds for relief:[11] (1) the district court erred by including instructions that he could be found guilty by non-unanimous jury verdict; and (2) the state trial court erred when it allowed multiple witnesses to testify about other sexual abuse.

On October 8, 2021, the Louisiana First Circuit affirmed Vince's convictions and sentences finding no merit in the claims asserted by Vince and his counsel.[12]  The Louisiana Supreme Court also denied Vince's related writ application without stated reasons on March 2, 2022.[13]

Vince's conviction was final 90 days later, on May 31, 2022, because he did not file for a writ of certiorari in the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1).

On April 5, 2023, Vince submitted an application for post-conviction relief to the state trial court in which he asserted the following claims:[14] (1) LA. CODE EVID. ANN. art. 412.2 regarding admitting other crimes evidence was unconstitutional as applied to Vince's case; and (2) he was denied effective assistance of counsel when trial counsel failed to consult or hire an independent child sex abuse expert.

After receiving a response from the State, on August 29, 2023, the state trial court denied Vince's application.[15]  In its reasoned opinion, the state trial court found that Vince's first claim

---

[10] ECF No. 15-5 at 15-16, Appeal Brief, 2020-KA-1054, 12/1/20.
[11] *Id*. at 51, *Pro Se* Appeal Brief, 2020-KA-1054, 8/9/21.
[12] *Vince*, 2021 WL 4704993, at *1; ECF No. 15-6, at 27-28, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.
[13] *State v. Vince*, 333 So. 3d 386 (La. 2022); ECF No. 15-6 at 1, La. S. Ct. Order, 2021-KO-1922, 3/2/22; *id*. at 2, La. S. Ct. Writ Application, 21-KO-1922, efiled 11/5/22.
[14] ECF No. 15-7, at 25, Application for Post-Conviction Relief, 4/12/23 (dated 4/5/23); *id*. at 33.
[15] *Id*. at 7-9, Trial Court Order, 8/29/23; *id*. at 10, State's Response, 8/23/23.

was procedurally barred under LA. CODE CRIM. PROC. ANN. art. 930.4(B) for his failure to challenge the constitutionality of the article at trial and alternatively, the claim was unsupported by law. For the second claim, the Court found that Vince failed to identify an expert that would testify on his behalf and did not establish deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

On December 4, 2023, the Louisiana First Circuit denied Vince's related writ application on the showing made.[16] The Court found that Vince failed to attach necessary documentation to support his writ application. The Court instructed that "[s]upplementation of this writ application and/or an application for rehearing will not be considered," citing LA. APP. R. 2-18.7 and 4-9. Vince did not file a corrected writ application with that Court.

Instead, on December 27, 2023, Vince sought review of his claims in the Louisiana Supreme Court.[17] The Court denied the writ application on May 7, 2024, without stated reasons.[18]

## II. Federal Petition

On June 7, 2024, after he corrected certain deficiencies, the Clerk of Court filed Vince's federal petition for habeas corpus relief in which he asserted the following grounds for relief:[19] (1) reasonable jurists would find that the trial court abused its discretion by permitting three distinct witnesses to testify under LA. CODE EVID. ANN. art. 412.2, LA. STAT. ANN. § 15:435 and 436, and LA. CODE CRIM. PROC. ANN. arts. 480 and 481; (2) reasonable jurists would find that the maximum

---

[16] ECF No. 15-8, at 2, 1st Cir. Order, 2023-KW-1008, 12/4/23; *id.* at 3, 1st Cir. Writ Application, 2023-KW-1008, 9/29/23 (dated 9/25/23).

[17] ECF No. 15-9, at 3, La. S. Ct. Writ Application, 2023-KH-1714, efiled 12/27/23. Vince added an additional claim that his Sixth Amendment right to a fair trial was violated during jury selection, but he did not present argument in support of the claim in his pleadings. *Id.* at 9.

[18] *State v. Vince*, 384 So. 3d 347 (La. 2024); ECF No. 15-9, La. S. Ct. Order, 2023-KH-1714, 5/7/24.

[19] ECF No. 4 at 3-6; ECF No. 4-1, at 2, 10.

4

sentences as applied to the facts of his case are unconstitutionally excessive; (3) reasonable jurists would find that LA. CODE EVID. ANN. art. 412.2 is unconstitutional as applied to him; and (4) reasonable jurists would find that petitioner was denied effective assistance of counsel when trial counsel failed to consult or hire an independent child sexual abuse expert.

On October 24, 2024, the State filed a response in opposition to Vince's petition asserting that Vince did not exhaust state court review of his third and fourth claims and, alternatively, all of his claims lack merit.[20] Vince did not file a reply to the State's opposition despite being provided an opportunity to do so.

### III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[21] applies to Vince's petition, which is deemed filed in this Court under the mailbox rule on May 12, 2024.[22] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[20] ECF No. 16.

[21] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[22] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Vince signed a Declaration of Inmate Filing, submitted with his original petition, on May 12, 2024. ECF No. 1-2, at 1. The Legal Programs Department did not receive and email the pleadings until May 30, 2024. *See* ECF No. 1, at 9; ECF No. 2, at 1. Regardless, the signed declaration provides the earliest date appearing in the record on which Vince could have submitted his pleadings to prison officials for mailing to a court.

and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Vince's petition was timely filed and that no claim is in procedural default, although the State presents technical exhaustion/procedural default arguments. With regard to exhaustion, the State argues that Vince failed to exhaust state court review because he did not fairly present his two state post-conviction claims (federal claims three and four) to the Louisiana First Circuit because he failed to provide the Court with documents needed to review his claims. The State also asserts that Vince's failure to properly exhaust his claims has resulted in technical exhaustion of these two claims, and the claims, therefore, are now in procedural default. The State further argues that Vince's first and second federal claims, as well as the two procedurally defaulted claims, are meritless. For the reasons that follow, Vince has presented a mixed petition to be dismissed for failure to exhaust state court review.

## IV.    Exhaustion Doctrine

The State has urged that Vince failed to exhaust state court review of his two state court post-conviction claims, presented in his federal petition as claim three (constitutionality of La. Code Evid. art. 412.2) and claim four (ineffective assistance of counsel). "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to *all* of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).

The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" through to the highest state court in a procedurally proper manner. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

A. **Vince's Claims Three and Four were not Fairly Presented**

The State argues that Vince's state post-conviction claims (federal claims three and four) were not fairly presented to the Louisiana First Circuit for purposes of exhaustion. The Court agrees that Vince did not fairly present these two claims to the state courts.

To exhaust review of his claims in the state courts, a petitioner must have fairly presented the same claims and legal theories he urges in his federal petition to each level of the state courts through to the Louisiana Supreme Court in a procedurally proper manner. *O'Sullivan*, 526 U.S.

7

at 845; *Whitehead*, 157 F.3d at 387.  The Supreme Court indeed requires fair presentation for exhaustion purposes:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).  To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.  *Duncan*, *supra*, at 365-366, 115 S.Ct. 887; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

*Baldwin*, 541 U.S. at 27 (emphasis added).  Thus, to meet the fair presentation requirement, a petitioner must have presented his claim to the state courts "in a procedurally proper manner according to the rules of the state courts."  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (quotation marks omitted; emphasis added); *see also Carty v. Thaler*, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.  The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)).

In Vince's case, the State argues that he did not fairly present his two state court post-conviction claims to the Louisiana First Circuit.  In denying his writ application on the showing made, the Louisiana First Circuit found that Vince failed to comply with LA. APP. R. 4-5, which requires that writ applications include certain documentation from the lower court record "that

8

might support the claims raised in the writ application."²³  The Court also advised Vince that he could remedy that defect by filing a future writ application that must be accompanied by a copy of his current writ application, all of the missing items identified in the order, and a copy of the Court's order.²⁴  The record does not reflect that Vince chose to do that before seeking review in the Louisiana Supreme Court.

In light of this failure, the record is clear that Vince did not provide the Louisiana First Circuit with a fair opportunity to review his challenge to the constitutionality of LA. CODE EVID. ANN. art. 412.2 and his claims of ineffective assistance of his counsel when he failed to provide that court with the necessary record documentation for the court to fully review his claims. Therefore, as the State correctly argues, state court review of Vince's third and fourth claims are not exhausted.

### B.     Technical Exhaustion and Procedural Default Does not Apply

The State contends that, as a result of Vince's failure to properly exhaust, review of the two claims is now technically exhausted and the claims are in procedural default because any attempt to exhaust would now be precluded under state law.  For the following reasons, this technical exhaustion/procedural default issue should be rejected at this time.

Habeas claims may be procedurally defaulted for purposes of federal habeas review when a petitioner fails to exhaust state court remedies and the state court to which petitioner would be required to present his claims would now find the claims to be procedurally defaulted or barred under state law.  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  A habeas petitioner who has defaulted his federal claims in this way meets the "technical" requirements for exhaustion,

---

²³ ECF No. 15-8, at 2, 1st Cir. Order, 2023-KW-1008, 12/4/23.
²⁴ *Id*.

because there are no state remedies left "available" to him. *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996); *see* 28 U.S.C. § 2254(b); *Coleman*, 501 U.S. at 732 (citing *Engle v. Isaac*, 456 U.S. 107, 125-126 & n.28 (1982)). The United States Supreme Court has determined that the exhaustion requirement "'refers only to remedies still *available* at the time of the federal petition,' [and] it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray*, 518 U.S. at 161-62 (quoting *Engle*, 456 U.S. at 125 n.28, and *Castille v. Peoples*, 489 U.S. 346, 351 (1989)) (emphasis added, citations omitted). Thus, if no state court review is available, the claim is technically exhausted and in procedural default.

In Vince's case, the record is *not* so clear and does *not* assure that *no* state court remedy is *available* to him should he return to exhaust state court review of these two federal claims. As an initial matter, there are a myriad of exceptions allowing successive filings under Louisiana law, including the broad interests of justice, to both the timeliness and successiveness of post-conviction review in the Louisiana courts. *See* LA. CODE CRIM. P. arts. 930.4 & 930.8. In addition, the Louisiana First Circuit clearly invited Vince to file for future review to provide the documentation he failed to provide with his 2023 writ application. The Louisiana Supreme Court also did not include in its subsequent order any indication that Vince had by his 2023 filings exhausted post-conviction review as it customarily does when ruling on a post-conviction writ application.[25] In other words, Vince's failure to fairly present his post-conviction claims to the

---

[25] *See, e.g., State v. Morgan*, 392 So. 3d 889 (La. 2024) ("Applicant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.")

Louisiana First Circuit, did not necessarily preclude or end his opportunity for other state court post-conviction review under the statutory exceptions to successive review available to him under state law. Should Vince return to the state courts to seek review of his claims, there is the possibility that the state courts may review the claims despite the current procedural posture.

Therefore, until it is clear or the Louisiana Supreme Court has declared that no further review is available to Vince, the Court will not impose a procedural bar based on a presumed technical exhaustion. *Gray*, 518 U.S. at 161-62. While the Court does not assume or suggest that the state courts will allow Vince to seek further review of his claims, comity would favor allowing the state courts the opportunity to consider the availability before this Court imposes a bar to review. Thus, the State's technical exhaustion/procedural default defense should be rejected at this time.

Therefore, for the reasons that follow, Vince's federal petition should be dismissed for his actual failure to exhaust state court review of all of his claims.

### C. Vince's Mixed Petition must be Dismissed

The State asserts, and the record demonstrates, that Vince has not exhausted state court review of two of the claims asserted in his federal petition. As discussed previously, the Court agrees that Vince did not fairly present his two state post-conviction claims (claims three and four in his federal petition) to the State courts and therefore, failed to exhaust review of those two claims. The State concedes and the Court finds that Vince exhausted state court review through the direct appeal process of his first and second claims in this federal petition, challenging the introduction of other crimes evidence and excessive sentence.

Thus, Vince's federal petition, which contains both exhausted and unexhausted claims, is a "mixed" petition and should be dismissed on that basis. *Rose*, 455 U.S. 509, 522 (1982)

11

("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); *see also Pliler v. Ford*, 542 U.S. 225, 230 (2004) ("Under *Rose*, federal district courts must dismiss mixed habeas petitions."); *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

In *Pliler*, the Supreme Court also recognized that, as an alternative to dismissal, the petitioner may amend or resubmit the petition to pursue only properly exhausted claims in the federal district court. *Id*., 542 U.S. at 230-31. Thus, Vince could amend his habeas petition to dismiss the two unexhausted claims and present only the two claims deemed by the Court to have been properly exhausted. *Pliler*, 542 U.S. at 233; *Whitehead*, 157 F.3d at 387.

Further, in *Pliler*, the Supreme Court also addressed the availability of a stay-and-abeyance for certain "mixed petitions" where good cause exists. *Id*. The Supreme Court has made clear, however, that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* decision cautioned that a stay-and-abeyance "should be available *only* in limited circumstances," and is appropriate *only* when the district court determines that there was "good cause" for the petitioner's failure to exhaust.[26] *Id*. at 277 (emphasis added). The record, however, reveals no good cause for Vince's failure to properly exhaust review of his two state court post-conviction claims. Vince was provided an opportunity to fairly present his claims to the state courts by filing a second writ

---

[26] The Court also found that stays are improper when the unexhausted claims are "plainly meritless" or when the petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

application with the Louisiana First Circuit in compliance with LA. APP. R. 4-5, and he did not do so.

There is no good cause apparent from the record as to why he did not complete exhaustion or that would warrant a stay. Thus, unless he dismisses the unexhausted claims, Vince's mixed federal petition should be dismissed without prejudice to allow Vince to exhaust, fully and properly, available state court review of his claims.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jerry Vince's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court review.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this 13th day of December, 2024.

                                                    **KAREN WELLS ROBY**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[27] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.