UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY VINCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1398** |
| **TIM HOOPER** | **SECTION "O"** |

## ORDER

Before the Court in this state-habeas case filed by *pro se* Petitioner Jerry Vince under 28 U.S.C. § 2254 is the report and recommendation[1] of United States Magistrate Judge Karen Wells Roby. Magistrate Judge Roby recommends that the Court dismiss without prejudice Vince's "mixed" habeas petition because Vince failed to exhaust state-court review of two of his four habeas claims: his as-applied constitutional challenge to Article 412.2 of the Louisiana Code of Evidence (federal claim 3), and his ineffective-assistance claim based on his trial counsel's alleged failure to consult or hire a child-sexual-abuse expert (federal claim 4).[2] Magistrate Judge Roby reasons that Vince "did not provide the Louisiana First Circuit with a fair opportunity to review" those claims because Vince "failed to provide that court with the necessary record documentation for the court to fully review" them. "[A]s an alternative to dismissal," however, Magistrate Judge Roby explains that Vince may amend his habeas petition to dismiss the two unexhausted habeas claims and to present only the two properly exhausted habeas claims.[3] Vince timely objected.[4]

---

[1] ECF No. 17.
[2] *Id.* at 13.
[3] *Id.* at 12 (first citing *Pliler v. Ford*, 542 U.S. 225, 233 (2004); and then citing *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)).
[4] ECF No. 18.

Liberally construed, *see Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020), Vince's *pro se* objection raises two arguments. The first is that Vince exhausted federal claims 3 and 4 because he fairly presented them to the Louisiana First Circuit Court of Appeal; he simply could not obtain the documents that court requested.[5] Vince says that "he was unable to retain most of the documents concerning his conviction" because, according to Vince, the Louisiana State Penitentiary interprets Section 46:1844(W) of the Louisiana Revised Statutes to "prevent[ ] him from physically possessing any of the documents [that] might contain any information about the victim in his case."[6] But Vince has not pointed to anything in the state-court record that supports this argument. Nor has Vince offered any support for his argument that he informed the Louisiana First Circuit Court of Appeal of his alleged inability to include the standard record documents that court requested in response to the order denying his writ application.[7] So, reviewing the objection *de novo*, the Court overrules the objection because Vince has not shown that Magistrate Judge Roby erred in concluding that he failed to properly exhaust federal claims 3 and 4.

Vince's second argument is framed in the alternative.[8] He asks that, if the Court overrules his exhaustion objection, as the Court has done, that the Court allow him to dismiss the unexhausted claims (federal claims 3 and 4) and to proceed on the two exhausted claims (federal claims 1 and 2) only. The Court obliges. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (explaining that a petitioner who files a "mixed

---

[5] *Id.* at 3.
[6] *Id.* (italics omitted).
[7] ECF No. 15-8 at 2.
[8] ECF No. 18 at 4.

petition" has "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims").

Having considered Vince's petition,[9] the state-court record,[10] Warden Hooper's response,[11] the law, Magistrate Judge Roby's report and recommendation,[12] and Vince's timely objection,[13] the Court overrules the objection, approves the report and recommendation, and adopts the report and recommendation as the Court's opinion.

Accordingly,

**IT IS ORDERED** that, by no later than **February 28, 2025**, Vince must file an amended habeas petition that deletes the two unexhausted claims (federal claims 3 and 4) and presents *only* the two exhausted claims (federal claims 1 and 2). If Vince fails to timely file an amended habeas petition that complies with these requirements, the Court will dismiss Vince's petition without prejudice and without further notice.

New Orleans, Louisiana, this 19th day of February, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[9] ECF No. 4.
[10] ECF No. 15.
[11] ECF No. 16.
[12] ECF No. 17.
[13] ECF No. 18.