**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JERRY VINCE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1398** |
| **TIM HOOPER, WARDEN** | **SECTION "O"(4)** |

**REPORT AND RECOMMENDATION**

On December 13, 2024, the undersigned United States Magistrate Judge issued a Report and Recommendation recommending dismissal of petitioner Jerry Vince's 28 U.S.C. § 2254 habeas petition for failure to exhaust state court review of two of his original four claims.[1] After adopting the Report and Recommendation, the District Judge granted Vince leave to amend his petition to exclude the unexhausted claims and pursue the remaining claims.[2]

The matter was referred to the undersigned magistrate judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations on the remaining claims pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the record, the Court has determined that the remainder of the matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).[3]

---

[1] ECF No. 17.

[2] ECF No. 19.

[3] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

## I. Factual and Procedural Background

Petitioner Jerry Vince ("Vince") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[4] On June 18, 2018, Vince was charged by Bill of Information in St. Tammany Parish with molestation of a juvenile under age 13 and sexual battery of a juvenile under the age of 13 under Vince's control or supervision.[5] The victim was his stepdaughter, L.P.[6]

The record reflects that, in 2007 or 2008, Vince married L.B. and became the stepfather of L.P., who was L.B.'s daughter from a previous relationship.[7] In 2011 or 2012, the family moved to a home on Magnolia Drive in Covington, Louisiana, where they lived for about two years when L.B. and the defendant separated. While they were living on Magnolia Drive, Vince on multiple occasions used his penis to touch and rub L.P.'s private part, used his hand to touch and rub her vagina, and made her touch and rub his penis with her hand. This touching occurred underneath their clothing or Vince would pull down her clothing and underwear.

These acts began when L.P. was about six or seven years old, and the last incident occurred when she was about eight or nine years old. Vince would tell L.P. not to tell her mother about the incidents. When she was 14 years old, L.P. told a school counselor about the incidents. It later was discovered that Vince committed inappropriate acts involving three other children when they were under the age of seventeen.

---

[4] ECF No. 4 at 1.

[5] ECF No. 15-1 at 62. The State filed a copy of Vince's state court records at ECF No. 15.

[6] Pursuant to LA. STAT. ANN. § 46:1844(W)(1)(a), the state court records refer to the minor victim of this sex crime and some family members by their initials. This Court will do the same.

[7] The facts are taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Vince*, No. 2020-1054, 2021 WL 4704993, at *1 n.2 (La. App. 1st Cir. 2021); ECF No. 15-6 at 27-28, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.

Vince was tried before a jury on February 10 through 13, 2020, and found guilty as charged on both counts.[8] At a March 10, 2020, hearing, the state trial court denied Vince's motion for new trial and for judgment of acquittal.[9] At the hearing, Vince waived legal delays, and the state trial court sentenced him to serve concurrent 99 year sentences at hard labor on each count without benefit of parole, probation, or suspension of sentence.[10] The court also denied Vince's motion to reconsider the sentences.[11]

On direct appeal to the Louisiana First Circuit Court of Appeal, Vince's appointed counsel asserted that the trial court erred by denying the motion to reconsider the sentence and by imposing a maximum sentence that was excessive as applied to Vince.[12] Vince filed a *pro se* supplemental brief in which he asserted the following grounds for relief:[13] (1) the district court erred by including instructions that he could be found guilty by non-unanimous jury verdict; and (2) the state trial court erred when it allowed multiple witnesses to testify about other sexual abuse.

On October 8, 2021, the Louisiana First Circuit affirmed Vince's convictions and sentences finding no merit in the claims asserted by Vince and his counsel.[14] The Louisiana Supreme Court also denied Vince's related writ application without stated reasons on March 2, 2022.[15]

---

[8] ECF No. 15-1 at 35, Trial Mins., 2/10/20; *id*. at 39, Trial Mins., 2/11/20; *id*. at 42, Trial Mins., 2/12/20; *id*. at 45, Trial Mins., 2/13/20; *id*. at 132, Jury Verdict Form, 2/13/20; *id*. at 154-227, Trial Tr., 2/10/20; ECF No. 15-2 at 2-195, Trial Tr., 2/10/20; ECF No. 15-3 at 2-139, Trial Tr., 2/11/20; *id*. at 140-209, Trial Tr., 2/12/20; ECF No. 15-4 at 2-103, Trial Tr., 2/12/20; *id*. at 104-209, Trial Tr., 2/13/20.

[9] ECF No. 15-1 at 48, Sentencing Mins., 3/10/20; *id*. at 136, Motion for New Trial and for Judgment of Acquittal, 3/10/20; ECF No. 15-4 at 212, Sentencing Tr., 3/10/20.

[10] *Id*. at 213; *id*. at 223-24.

[11] *Id*. at 224; ECF No. 15-1 at 139, Motion to Reconsider Sentence, 3/10/20; *id*. at 140, Trial Court Order, 3/10/20.

[12] ECF No. 15-5 at 15-16, Appeal Brief, 2020-KA-1054, 12/1/20.

[13] *Id*. at 51, *Pro Se* Appeal Brief, 2020-KA-1054, 8/9/21.

[14] *Vince*, 2021 WL 4704993, at *1; ECF No. 15-6 at 27-28, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.

[15] *State v. Vince*, 333 So.3d 386 (La. 2022); ECF No. 15-6 at 1, La. S. Ct. Order, 2021-KO-1922, 3/2/22; *id*. at 2, La. S. Ct. Writ Application, 21-KO-1922, efiled 11/5/22.

Vince's conviction was final 90 days later, on May 31, 2022, because he did not file for a writ of certiorari in the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for *certiorari* with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. Sup. Ct. R. 13(1).

On April 5, 2023, Vince submitted an application for post-conviction relief to the state trial court in which he asserted the following claims:[16] (1) LA. CODE EVID. ANN. art. 412.2 regarding admitting other crimes evidence was unconstitutional as applied to Vince's case; and (2) he was denied effective assistance of counsel when trial counsel failed to consult or hire and independent child sex abuse expert.

After receiving a response from the State, on August 29, 2023, the state trial court denied Vince's application.[17] In its reasoned opinion, the state trial court found that Vince's first claim was procedurally barred under La. Code Crim. Proc. Ann. art. 930.4(B) for his failure to challenge the constitutionality of the article at trial and alternatively, the claim was unsupported by law. For the second claim, the Court found that Vince failed to identify an expert that would testify on his behalf and did not establish deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

On December 4, 2023, the Louisiana First Circuit denied Vince's related writ application on the showing made.[18] The Court found that Vince failed to attach necessary documentation to support his writ application. The Court instructed that "[s]upplementation of this writ application

[16] ECF No. 15-7 at 25, Application for Post-Conviction Relief, 4/12/23 (dated 4/5/23); *id*. at 33.

[17] *Id*. at 7-9, Trial Court Order, 8/29/23; *id*. at 10, State's Response, 8/23/23.

[18] ECF No. 15-8 at 2, 1st Cir. Order, 2023-KW-1008, 12/4/23; *id*. at 3, 1st Cir. Writ Application, 2023-KW-1008, 9/29/23 (dated 9/25/23).

and/or an application for rehearing will not be considered," citing LA. APP. R. 2-18.7 and 4-9. Vince did not file a corrected writ application with that Court.

Instead, on December 27, 2023, Vince sought review of his claims in the Louisiana Supreme Court.[19] The Court denied the writ application on May 7, 2024, without stated reasons.[20]

## II. **Federal Petition**

In his amended petition, Vince asserts his two exhausted claims:[21] On June 7, 2024, after he corrected certain deficiencies, the Clerk of Court filed Vince's federal petition for habeas corpus relief in which he asserted the following grounds for relief:[22] (1) reasonable jurists would find that the trial court abused its discretion by permitting three distinct witnesses to testify under LA. CODE EVID. ANN. art. 412.2, La. Stat. Ann. § 15:435 and 436, and La. Code Crim. Proc. Ann. art. 480 and 481; (2) reasonable jurists would find that the maximum sentences as applied to the facts of his case are unconstitutionally excessive.

The State addressed these claims in its initial response in opposition to Vince's federal habeas petition. The State argues that Vince's first claim relates solely to state law, namely LA. CODE EVID. ANN. art. 412.2 and is not cognizable on federal habeas review. In addition, the State argues that there is no clearly established federal law governing the admission of other crimes evidence.[23] As to Vince's second claim, the State argues that in light of the charges, Vince's

---

[19] ECF No. 15-9 at 3, La. S. Ct. Writ Application, 2023-KH-1714, efiled 12/27/23. Vince added an additional claim that his Sixth Amendment right to a fair trial was violated during jury selection, but he did not present argument in support of the claim in his pleadings. *Id*. at 9.

[20] *State v. Vince*, 384 So.3d 347 (La. 2024); ECF No. 15-9, La. S. Ct. Order, 2023-KH-1714, 5/7/24.

[21] ECF No. 20 at 2; ECF No. 20-1 at 4.

[22] ECF No. 4 at 3-6; ECF No. 4-1 at 2, 10.

[23] ECF No. 16 at 10.

sentence is not unconstitutionally excessive and therefore, the adjudication of his claim was not contrary to nor and unreasonable application of clearly established federal law.[24]

## III. <u>General Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[25] applies to Vince's petition, which is deemed filed in this Court under the mailbox rule on May 12, 2024.[26] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

Timeliness and exhaustion are no longer at issue in this case. Thus, the Court will address the merits of Vince's claims.

[24] *Id*. at 13.

[25] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[26] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Vince signed a Declaration of Inmate Filing, submitted with his original petition, on May 12, 2024. ECF No. 1-2 at 1. The Legal Programs Department did not receive and email the pleadings until May 30, 2024. *see* ECF No. 1 at 9; ECF No. 2 at 1. Regardless, the signed declaration provides the earliest date appearing in the record on which Vince could have submitted his pleadings to prison officials for mailing to a court.

## IV. <u>Standards of a Merits Review</u>

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct, and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1) (2006).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fair-minded disagreement' on the question." *White v. Woodall*, 572 U.S.415, 421 (2014) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established

at the time of the state-court decision.'" *Id.* at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White v. Woodall*, 572 U.S. 415, 427 (2014); *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id.* " '[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the

precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## V. **Discussion**

### A. **Other Crimes Evidence (Claim 1)**

Vince claims that the state trial court erred in allowing testimony from additional witnesses regarding acts of sexual abuse by Vince when they were minors. He claims the evidence was unduly prejudicial and greatly outweighed the probative value.

On March 8, 2019, the State filed notice of its intent to present evidence related to inappropriate acts committed by Vince involving three other minor females to show Vince's lustful disposition towards children.[27] In response, defense counsel filed a motion in limine to exclude the other crimes evidence asserting that it had no relevance to the charges before the court and that it had no probative value.[28]

La. Code Evid. art. 412.2(A) provides in relevant part that certain evidence of other sexual activity may be admissible:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

---

[27] ECF No. 15-1 at 89-91, State's Notice of Intent, 3/8/19.

[28] *Id*. at 102-03, Defense Motion in Limine, 8/14/19.

La. Code Evid. art. 403 applies a balancing test to determine whether evidence should be excluded:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or waste of time.

Prior to jury selection, the State and defense counsel submitted their motions without argument and the state trial court granted the State's motion.[29] In doing so, the state trial court implicitly held that the probative value of the evidence outweighed any prejudice.

Vince, in his *pro se* supplemental brief, raised this issue again on direct appeal, arguing that the state trial court erred in admitting the testimony. The Louisiana First Circuit found no abuse of discretion by the state trial court and found the evidence admissible under La. Code Evid. art. 412.2 to show Vince's lustful disposition toward young children and that the probative value of the evidence was not outweighed by the danger of unfair prejudice under La. Code Evid. art. 403.[30]

The Court reasoned that it is not necessary for purposes of art. 412.2 testimony for the defendant to have been charged, prosecuted, or convicted of the "other acts" described and that the State must only prove them by a preponderance of the evidence and not beyond a reasonable doubt.[31] This was the last reasoned state court opinion on the issue. *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018) ("We hold that the federal court should 'look through' the unexplained decision

---

[29] *Id.* at 35, Trial Min. Entry, 2/10/20.
[30] *Vince*, 2021 WL 4704993, at *12; ECF No. 15-15-6 at 11-12, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.
[31] *Vince*, 2021 WL 4704993, at *9; ECF No. 15-6 at 9, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.

to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning.

To the extent that Vince argues that the testimony regarding inappropriate behavior with three other minors was admitted in violation of Louisiana law, that claim is not cognizable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted); *Swarthout*, 562 U.S. at 219; *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

States are free to implement procedures regarding the admission of evidence, provided those procedures do not infringe on a constitutional guarantee. *Burgett v. Texas*, 389 U.S. 109 (1967). Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. *Swarthout*, 562 U.S. at 219; *Gonzales v. Thaler*, 643 F.3d 425, 429 (5th Cir. 2011); *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir. 1992).

Therefore, federal courts do not sit to review the propriety of state court evidentiary rulings, unless the proceedings violate due process such that the violation renders the criminal proceeding fundamentally unfair. *Lisenba v. People of the St. of Cal.*, 314 U.S. 219, 236-37 (1941); *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991) (habeas review is proper only to determine whether a state trial judge's error is so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right). As the Fifth Circuit has explained, this standard is a high hurdle to overcome because "the Due Process Clause does not afford relief where the challenged evidence was not the principal focus at trial" and the complained of error was not "so pronounced and persistent that it

permeates the entire atmosphere of the trial." *Gonzales*, 643 F.3d at 430-31 (footnotes and internal quotation omitted).

Under these standards, to establish a fundamentally unfair trial, the admission of prejudicial evidence is fundamentally unfair so as to justify federal habeas corpus relief *only* if it "played a crucial, critical, and highly significant role in the trial." *Id.* at 430 (quotation omitted). A habeas petitioner must show that "the trial court's error had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Hernandez v. Dretke*, 125 F. App'x 528, 529 (5th Cir. 2005) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

A due process inquiry presents a mixed question of law and fact. *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000). Therefore, under the applicable AEDPA standard of review, this Court must determine if the state courts' decision is contrary to or involved an unreasonable application of Supreme Court precedent prohibiting an unfair trial.

As an initial matter, Vince has failed to establish any error by the state trial court which would trigger review under due process standards. *Robinson v. Whitley*, 2 F.3d 562, 567 (5th Cir. 1993) (where there is no showing of error by a trial court, there can be no fundamental unfairness); *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998). The admission of the evidence was affirmed by the Louisiana First Circuit as proper under state law. T

The Louisiana Supreme Court has held that La. Code Evid. art. 412.2, under which the evidence was admitted, was enacted to lower the obstacles to admission of "propensity evidence" in sexual assault cases, especially those involving children. *State v. Williams*, 830 So. 2d 984, 986-

987 (La. 2002). In *Williams*, the Louisiana Supreme Court likened Article 412.2 to Fed. R. Evid. 413.[32] *Id*.

Both the state and federal rules are subject to the balancing test concerning probative value and prejudicial effect. *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008) ("Evidence admissible under Rule 413 is still subject to the Rule 403 balancing test, so it may be excluded if its 'probative value is substantially outweighed by the danger of unfair prejudice.' ") (citing Fed. R. Evid. 403); *State v. Hernandez*, 93 So. 3d 615, 629 (La. App. 5th Cir. 2012) (same with regard to La. Code Evid. art. 412.2). Like the Louisiana courts with Article 412.2, the federal courts have noted that "Rule 413 is based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes, and often justifies the risk of unfair prejudice." *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998); *United States v. Guidry*, 456 F.3d 493, 502-03 (5th Cir. 2006) ("Because sexual assault allegations are often reduced to a swearing match, Congress aimed to assist the fact finder's assessment of credibility through allowing evidence of the defendant's extrinsic sexual misconduct as character or propensity evidence.") (citing *Enjady*, 134 F.3d at 1431).

In this case, the probative value of providing information about the incidents with three other female minors far outweighed any potential prejudice. As determined by the First Circuit, the evidence was relevant to show Vince's lustful disposition towards children similar in age to the victim. The evidence was not presented in a confusing manner. Rather, the testimony was clear

---

[32] Fed. R. Evid. 413(a) provides as follows: "In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." The terminology of Rule 413 was amended in 2011 for stylistic purposes only. *See* Advisory Committee Notes, 2011 Amendments foll. Fed. R. Evid. 413(a).

that the incidents involving the other minor females occurred in separate instances from the incidents involving L.P., and it was not made part of the underlying accusations.

There is no indication in the record that the other crimes' testimony and evidence misled the jury into an improper verdict. Vince has not demonstrated in the instant case that the other crimes evidence with the other female minors was inadmissible or rendered his trial fundamentally unfair. Because he has not demonstrated error in the admission of the evidence, he "has no basis for any alleged due process violation" or denial of a fundamentally fair trial. *Robinson*, 2 F.3d at 567; *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998). Even if he had shown an error, the evidence was not so prejudicial as to violate due process standards.

Thus, the denial of relief on this claim was not contrary to, or an unreasonable application of, Supreme Court precedent. Vince's claim is without merit.

**B. <u>Constitutionally Excessive Sentence (Claim 2)</u>**

Vince claims that his sentence is constitutionally excessive because he received the maximum sentence on each charge and that the state trial court failed to consider mitigating factors such as his lack of criminal history and lack of recent criminal history.[33] Vince states that the state trial court failed to consider that his criminal record consisted of non-violent offenses that occurred when he was in his twenties, and that his lack of violent criminal history should have been a mitigating factor.[34] Given that Vince is in his forties, he claims that the 99 year sentences on each charge are essentially a life sentence, making it excessive in the context of his case.[35]

The Louisiana First Circuit addressed Vince's excessive sentence claim on direct appeal.[36]

---

[33] ECF No. 20-1 at 11-12.
[34] *Id*. at 13.
[35] *Id*. at 14.
[36] *Vince*, 2021 WL 4704993, at *12-17; ECF No. 15-6 at 12-17, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.

The Court noted that during sentencing the state trial court properly and adequately considered the sentencing guidelines, and that at the sentencing hearing, testimony presented showed that the victim was suicidal and emotionally damaged by the offenses committed and that Vince continued to exploit his position of trust and engaged in repeated sexual abuse.[37] The Court further noted that Vince was accused of inappropriate acts involving more than one minor victim, that his statement at sentencing showed no remorse or sympathy for the victim in his case or the other minor victims. The Court further noted that while the state trial court imposed the maximum term of imprisonment, it could have also imposed the entire sentence on each count without benefits, but instead limited the restriction on benefits to the statutory minimum. This was the last reasoned opinion on the claim. *See Wilson*, 584 U.S. at 125 ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale . . . then presume that the unexplained decision adopted the same reasoning.")

To the extent that Vince challenges the state trial courts' compliance with Louisiana's sentencing laws and the Louisiana Constitution, his claim is not cognizable under federal habeas review. *Butler v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009). Instead, federal courts afford broad discretion to a state trial court's sentencing decision that falls within state statutory limits. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987); *see also*, *Turner v. Cain*, 199 F.3d 437, 1999 WL 1067559, at *3 (5th Cir. Oct. 15, 1999) (Table, Text in Westlaw).

When a state sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense. *See Harmelin v. Michigan*, 501 U.S. 957, 993-95 (1991); *Solem v. Helm*, 463 U.S. 277,

---

[37] *Vince*, 2021 WL 4704993, at *16; ECF No. 15-6 at 16, 1st Cir. Opinion, 2020-KA-1054, 10/8/21.

290-91 & n.17 (1983). "[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

If the sentence is not "grossly disproportionate," in the first instance, the inquiry is finished. *United States v. Gonzales*, 121 F.3d 928 (5th Cir. 1997). As the Supreme Court has noted, outside the context of capital punishment, successful proportionality challenges are "exceedingly rare," and constitutional violations are sustained in only "extreme" or "extraordinary" cases. *Ewing v. California*, 538 U.S. 11, 23-30 (2003) (citations omitted); *Lockyer v. Andrade*, 538 U.S. 63 (2003).

For purposes of federal habeas review under the AEDPA standard, an excessive sentence claim presents a question of law. *Chatman v. Miller*, No. 05-1481, 2005 WL 3588637, at *5 (E.D. La. Nov. 9, 2005); *Davis v. Cain*, 44 F. Supp. 2d 792, 798 (E.D. La. 1999); *Jones v. Kaylo*, No. 99-0567, 1999 WL 544680, at *1 (E.D. La. July 26, 1999). The Court must determine whether the state courts' denial of relief was contrary to or an unreasonable application of Supreme Court law.

Under Louisiana law at the time, the prison sentence that Vince faced for molestation of a juvenile when the victim is under the age of thirteen was not less than 25 years nor more than 99 years. The sentence also required at least 25 years of the sentence imposed to be served without benefit of probation, parole, or suspension of sentence. La. Rev. Stat. Ann. § 14:81.2(E)(1).

Similarly, the prison sentence for sexual battery on a victim under the age of thirteen was a term of not less than 25 years nor more than 99 years. A sexual battery sentence statutorily

would require at least 25 years of the sentence imposed to be served without benefit of probation, parole, or suspension of sentence. La. Rev. Stat. Ann. § 14:43.1(C)(2).

Vince challenges the length of his sentence, which is 99 years. As previously outlined, the state trial court judge sentenced Vince to serve concurrent terms of 99 years in prison on both the molestation of a juvenile and sexual battery charge, with the first 25 years of each sentence to be served without benefit of parole, probation, or suspension of sentence. Each of Vince's sentences clearly fell within the statutory limits set by the Louisiana legislature for the crimes he committed. Accordingly, this federal habeas court considers only proportionality compared with sentences imposed in similar cases.

Before imposing sentence on Vince, the state trial court gave specific reasons and justifications for imposing the sentence. As noted by the state appellate court, the state trial court discussed the impact on the victim, how Vince used his position or status to facilitate commission of the offense. The court also noted that the offense involved multiple victims or incidents for which separate sentences have not been imposed. Further, the Court noted that Vince showed no remorse at sentencing, and other relevant factors necessary to contour and support the sentence under the circumstances of Vince's case to set a basis for finding the sentences proportionate to the crime.

In addition, a survey of Louisiana cases in the public domain establishes that Vince's sentences were not out of line with sentences imposed upon similarly situated defendants. *See*, *e.g.*, *State v. Wilmot*, 142 So.3d 141, 149 (La. App. 5th Cir. 2014) (defendant sentenced to 99 years for molestation of a juvenile under 13 when the victim was abused by a father figure); *State v. Forrester*, 354 So.3d 845, 848 (La. App. 3rd Cir. 2023) (defendant sentenced to 99 years for molestation of a juvenile under 13 on a guilty plea when the victim was his infant daughter); *State*

*v. Blake*, 198 So.3d 181, 182 (La. App. 2nd Cir. 2016) (defendant sentenced to 99 years for sexual battery of a juvenile under 13 to run *consecutively* to his 25 year sentence for indecent behavior with a juvenile totaling 124 years); *State v. Rodgers*, 403 So.3d 667, 678 (La. App. 2nd Cir. 2024) (defendant sentenced to *consecutive* 99 year sentences for two counts of molestation of a juvenile under 13 to total 198 years when the events involved multiple victims and spanned a lengthy period of time).

Applying the factors and legal standards discussed above, Vince has not demonstrated that his sentence of 99 years in prison for sexual battery and molestation of a juvenile under 13 was unconstitutionally excessive . Neither has he established that his sentence was disproportionate to the crimes he committed or when compared to other cases. The state courts' denial of relief was not contrary to or an unreasonable application of clearly established federal law. Therefore, Vince is not entitled to relief on this claim.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jerry Vince's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[38]

New Orleans, Louisiana, this 26th day of September, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

[38] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.