U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Oct 27 2026
CAROL L. MICHEL
CLERK
SP Angola

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NO: 24-1398

JERRY VINCE
*Petitioner*,

VERSUS

TIM HOOPER, Warden,
Louisiana State Penitentiary;
State of Louisiana,
*Respondents.*

---

# OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

---

ON BEHALF OF PETITIONER

Respectfully submitted,

Mr. Jerry Vince #326418
MPEY/Ash-1
Louisiana State Penitentiary
Angola, La. 70712

***PREPARED BY:***
David Constance #304580 Offender Counsel Substitute III
Camp-D Legal Aid Office
La. State Penitentiary
Angola, LA 70712

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JERRY VINCE, #326418

Vs.

TIM HOOPER, WARDEN

CIVIL ACTION

NUMBER: 24-1398

JUDGE: ______________

MAGISTRATE: Karen Wells Roby

OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENDATION

MAY IT PLEASE THE COURT:

NOW INTO COURT comes Jerry Vince, (Petitioner) in a pro se capacity, who respectfully presents his "Objection to Magistrate's Report and Recommendation"; and who respectfully prays this Honorable Court will accept and consider same as timely, and thereafter subsequent to conducting a de novo review of the Magistrate's Report and Recommendation, reject said recommendation of dismissal of Petitioner's petition for federal habeas corpus relief; thus, granting Petitioner federal habeas corpus relief by annulling, vacating, and setting aside the state-court conviction and sentence.

For this Court's convenience, Mr. Vince is objecting to the Commissioner's Report and Recommendation in the same order as it was argued by Magistrate Karen Wells Roby.

Petitioner Jerry Vince petitioned this Court for a Writ of Habeas Corpus. Report and Recommendation was made by U.S. Magistrate Judge, Karen Wells Roby on September 26, 2026. The foregoing are written objections to those proposed findings, conclusions, and recommendation.

*First and foremost*, Mr. Vince objects to the Magistrate's Report and Recommendation in its entirety due to the fact that Mr. Vince has properly argued that he is entitled to relief in this matter; and that he has been denied a fair and impartial trial.

## NOTICE OF PRO-SE FILING

Mr. Vince requests that this Honorable Court view these Claims in accordance with the rulings of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## LAWS AND ARGUMENT

Mr. Vince's Objections are based on the following: (in part)

> "Under the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court decision, but unreasonably applies that principle to the facts of the prisoner's case. [Held by the United States Supreme Court] in *Williams v. Taylor*, 529 U.S. 362, 405-406 412-13 (2000).

*Other crimes evidence:*

The Magistrate erred in determining that the Issue concerning the "Other Crimes Evidence" did not meet the standard for federal review. Introduction of these other crimes evidence has deprived Mr. Vince his Due Process rights to a fair and impartial trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The United States Supreme Court has previously determined that evidence of evidence of prior crimes introduced for no purpose other than to show criminal disposition would violate the Due Process Clause ... because it jeopardizes the presumption of innocence.")(Warren, C.J., dissenting); *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, 99 (A defendant is not to be "convicted of a present offense simply because he is perceived as a bad man, irrespective of the evidence of his guilt or innocence. A conviction should be based on guilt and not on character.").

Therefore, this Issue is ripe for review by this Honorable Court. It was also noted that these other crimes allegations had either been dismissed, or the State had failed to pursue the issues due to insufficient evidence. It appears as though the State understood that, although there wasn't enough evidence to obtain a conviction for these other allegations, they could still be submitted to the jury in order to Mr. Vince appear as a "horrible person" before the jury. Surely, these other crimes would assist the State obtain a conviction in this matter even though there was no way possible to convict Mr. Vince

at the time of the allegations.

As the evidence concerning LP was "sketchy" at best, the State knew it had to rely upon the other crimes evidence in order to obtain a conviction in this case. Evidence adduced during the trial supported the fact that Mr. Vince and his ex-wife were going through custody issues, and that Mr. Vince's ex had informed him that she was "going to get him" (Rec.pp. 609, 663-34 666).

Although the Magistrate has erroneously determined that this Issue is not cognizable during on federal habeas review, this Court must remember that this issue was squarely decided by the Supreme Court in *State v. Kennedy*, 2000-1554 (La. 4/3/01), 803 So.2d 916, where the defendant was charged with Aggravated Rape of an 8-year old child and the State sought to introduce evidence of the defendant's commission of another unadjudicated rape of another 8- or 9-year old child some sixteen years before. The defendant in *Kennedy*, just as in the instant case categorically denied the charge. The Court, in holding that evidence of the other crime was inadmissible, stated that "**[i]n general intent crimes, like Aggravated Rape**, the criminal intent necessary to sustain a conviction is established by the very doing of the proscribed acts ... Absent a genuine dispute as to whether the accused intended to commit a charged act, **evidence of extraneous crimes is inadmissible** for the ostensible purpose of showing intent." *Id* at 923 (citations omitted)(Emphasis added). In conclusion the Court continued:

> Yet, the problem presented by this case is that, because the evidence sought to be introduced does not bear upon an essential element of the offense, and because motive, intent, and identity are otherwise not genuinely at issue, evidence that the defendant has allegedly raped another female place under his supervision on a prior occasion is but another way of demonstrating that he has the propensity to commit such crimes and that the act charged against him probably occurred just as the present victim claims. Such prior sexual misconduct evidence, despite having certain relevance and probative value, is nonetheless inadmissible.

These alleged victims which were introduced to the jury pursuant to Article 412.2 denied Mr. Vince the right to be free from cruel and unusual punishment inasmuch as any conviction obtained through the use of 412.2 evidence would be in violation of his constitutional rights to Due Process, Equal

Protection of the Law, and a fair trial. The admission of these other crimes evidence violated Mr. Vince's Due Process such that the violation rendered his trial fundamentally unfair.

It must be noted that the testimony of the other crimes evidence was suspicious at best due to the fact that the witnesses admitted that the "stories" were quite outlandish. It's easy to understand why these allegations had not been prosecuted, or dismissed prior to trial.

SM (other crime victim) actually testified that Mr. Vince had placed his tablet in the window while she was outside, but he was not videoing her (Rec.pp. 437-8). Then she had actually testified that she had deleted the videos (that the tablet was not videoing (Rec.p. 441). She also testified that Mr. Vince had his cell phone in the toothbrush holder, and that the phone was photographing her feet (even though it would be impossible for the phone to photograph her feet from that angle)(Rec.p. 440).

After the elaborate testimony of SM, the State presented the testimony of BP, who admitted that the police had attempted to have Mr. Vince admit to allegation during a recorded phone call (Rec.p. 478). Then, for the first time during trial (after several interviews), testified that Mr. Vince had shown her his privates while they were in the pool (with numerous people present)(Rec.p. 485). Was this testimony of Mr. Vince showing her his privates during trial to make her appear more credible? Most likely.

VG testified that Mr. Vince had raped her on an air mattress while she was spending the night. She also testified that there was someone else on the mattress, and that she didn't get off the air mattress until *after* Mr. Vince had started raping her (Rec.p. 526).

Therefore, the State's use of the other crimes evidence is a clearly an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

*Constitutionally Excessive Sentence:*

This Court must determine that Mr. Vince's sentences are constitutionally excessive in accordance with the Eighth Amendment to the United States Constitution. Mr. Vince's prior convictions are all non-

violent and he was sentenced to the maximum sentence of 99 years.

A sentence must be based on the instant case (including the seriousness of the offense, or whether there was any violence), the background of the defendant (including his age, family ties, marital status, health, employment record, any problems such as mental illnesses, drug addiction, or retardation), the proportionality of the sentence to the seriousness of the offense, and whether there is any social purpose and need to the infliction of pain and suffering on this defendant, and, if so, how much.

Although the imposition of a sentence within statutory limits may violate defendant's constitutional rights against excessive punishment, the trial judge has wide discretion in imposition of sentences subject only to the constitutional limitations on excessive sentences, and sentences will be set aside absent manifest abuse of discretion. *State v. Donahue*, 408 So.2d 1262 (La. 1982); *State v. Merdith*, 400 So.2d 580 (La. 1981).

The sentencing ranges for Molestation of a Juvenile Under the Age of Thirteen and Sexual Battery of a Person Under the Age of Thirteen are identical: imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years with at least twenty-five years of the sentence imposed to be served without the benefit of Probation, Parole, or Suspension of Sentence. LSA-R.S. 14:81.2 and LSA-R.S. 14:83.1. Mr. Vince was sentenced to maximum sentences for each of these charges and the sentences were ordered to be served concurrently.

In stating his reasons for the maximum sentences, the trial court stated, "I reviewed the list of mitigating factors and have found none applicable to this case" (Rec.p. 824). However, the trial court failed to consider that Mr. Vince's criminal record consisted of non-violent offenses that occurred when he was a young person in his twenties (Rec.pp. 716-7, 729). The lack of a violent criminal history should have been considered as a mitigating factor, and the trial court abused his discretion by failing to consider it.

Wherefore, this Court must determine that Mr. Vince's sentences are constitutionally excessive, and remand this matter for re-sentencing.

## CONCLUSION

Based on the foregoing, Mr. Vince requests that this Honorable Court review these Issues both singularly and cumulatively. Although each Issue may not warrant relief in itself, the totality of the Issues warrant relief in this matter.

Respectfully submitted,

Jerry Vince, #326418
MPEY/Ash-1
Louisiana State Penitentiary
Angola, Louisiana 70712-9818

## CERTIFICATE OF SERVICE

I, Jerry Vince, #326418, hereby certify that a true and correct copy of the forgoing has been served upon the Clerk of Court in the United States District Court for Louisiana, via electronic filing pilot program; and upon the District Attorney, St. Tammany Parish, this 9th day of October, 2026.

Jerry Vince